UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PLAN COMMITTEE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PRICEWATERHOUSECOOPERS LLP, )<br>)<br>Defendant. )<br>) | Civ. No. 02-01487 (TFH) |

## MEMORANDUM OPINION

### INTRODUCTION

Pending before the Court is Defendant PricewaterhouseCoopers, LLP's ("PwC") motion to dismiss the Amended Complaint filed by the Plan Committee, Elliott R. Wolff, and Stanley Zupnik (collectively, "Plaintiffs"). Upon careful review of PwC's Memorandum in Support of its Motion to Dismiss the Amended Complaint, Plaintiffs' Opposition, PwC's Reply thereto, and the entire record, the Court will grant PwC's motion to dismiss.

### BACKGROUND

The United States Bankruptcy Court for the District of Columbia established the Plan Committee to oversee bankruptcy proceedings on behalf of the unsecured creditors of the Greater Southeast Healthcare Providers ("Greater Southeast"). *Plan Committee v. Price WaterhouseCoopers, LLP*, 335 B.R. 234, 239 (D.D.C. 2005) (Roberts, D.J.). "Under the Second Amended Joint Plan ('Plan') of liquidation for the bankruptcy proceedings of Greater Southeast, approved by the bankruptcy court in a Confirmation Order in 2001, [the Plan Committee] was established to '[c]ommence, prosecute, and if appropriate, settle all causes of action vested on behalf of creditors . . . and prosecute all causes of action of the Debtors' Estates, the Committee, the Plan

Committee, or on behalf of the creditors of an Estate generally,' among other responsibilities." *Id.* at 240-41 (alteration and ellipsis in original) (quoting Second Amended Plan, attached as Exhibit 4 to Plaintiff's Opposition to PwC's Motion to Dismiss Original Complaint [dkt. #19]).

In 2002, the Plan Committee filed suit against PwC alleging PwC negligently conducted its independent audits of Greater Southeast's accounts and breached its contract to provide accounting and audit services in compliance with Generally Accepted Auditing Standards and Principles. *Id.* at 241*; see* Complaint [dkt. #1]. PwC filed a motion to dismiss the complaint on several grounds: (1) Plaintiff lacks capacity under Federal Rule of Civil Procedure 9; (2) Plaintiff fails to state a claim for negligence or breach of contract under Rule 12(b)(6); (3) Plaintiff's claims are barred by Greater Southeast's contributory negligence; and (4) Plaintiff's claims are barred by the statute of limitations despite the parties' tolling agreements. 335 B.R. at 240-41*; see* Memorandum of Points and Authorities of Defendant PricewaterhouseCoopers in Support of its Motion to Dismiss [dkt. #12]. Judge Richard W. Roberts denied PwC's motion to dismiss on the latter three grounds, but found that the Plan Committee lacked capacity to sue. *Id.* Because the Plan Committee "stated that it would move to join another party who does have capacity to sue," the Court granted Plaintiff leave to amend its complaint. *Id.* at 239, 246.

The Plan Committee then filed an Amended Complaint that raised the same claims but joined as plaintiffs Elliot R. Wolff and Stanley Zupnik, each "as Non-Bondholder Representative on the Plan Committee and as Trustee of the Greater Southeast Litigation Liquidating Trust c/o 1100 Connecticut Avenue, N.W., Suite 800, Washington, D.C. 20036." *See* Amended Complaint ("Am. Compl.") [dkt. #27].

The Amended Complaint describes Plaintiffs Wolff and Zupnik as follows:

> 7. Plaintiff, Elliot R. Wolff, is president of Advantage Healthplan Inc., an unsecured creditor in the subject bankruptcy. Mr. Wolff is a member of the Plan Committee where he serves as a Non-Bondholder Representative of the unsecured creditor, Advantage Healthplan Inc. Mr. Wolff also serves as Trustee for the Non-Bondholders of the Greater Southeast Litigation Liquidating Trust (the "Greater Southeast Trust"). The Plan Committee has assigned, transferred and conveyed all of the Plan Agent's rights, title and interest in and to this cause of action including all proceeds of this lawsuit to the Greater Southeast Trust. The Trustees of the subject Trust act on behalf of the Non-Bondholders who are the beneficiaries of the subject Trust.
>
> 8. Plaintiff, Stanley Zupnik, is president of Welcome Homes, Inc., an unsecured creditor in the subject bankruptcy. Mr. Zupnik is a member of the Plan Committee where he serves as a Non-Bondholder Representative of the unsecured creditor, Welcome Homes , Inc. Mr. Zupnik also serves as Trustee of the Greater Southeast Trust.

Am. Comp. ¶¶ 7-8.

The Amended Complaint also includes the following paragraph that did not appear in the original complaint:

> 9. By unanimous resolution pursuant to Section III.P. of the Plan Agreement, the Plan Committee has agreed that the Non-Bondholders' Representatives on the Plan Committee, plaintiffs Wolff and Zupnik, will have the full authority of the Plan Committee and be the sole decision-makers in respect to this cause of action.

Am. Compl. ¶ 9.

Lastly, the Amended Complaint states that "[t]he Confirmation Order specifically provides that notwithstanding anything contained in the Plan, the Plan Committee shall have the right and the standing to commence, prosecute, and pursue any and all causes of action of the Debtors." Am. Compl. ¶ 6. This language appears to replace language that was in paragraph 8 of the original complaint, which read:

3

> The Plan Committee is the sole representative of the Debtors in respect to all litigation which is intended to result in recoveries under the Plan. The Plan Committee has the right to pursue all legal claims, rights or causes of action that the Debtors may have. Accordingly, the Plan Committee has standing to bring this case.

Compl. ¶ 8.

PwC now moves to dismiss the Amended Complaint on several grounds: (1) if the Plan Committee owns the claims, all members of the Committee must sue because the Court ruled that the Committee lacks capacity; (2) Plaintiffs fail to plead facts sufficient to show that the Greater Southeast Trust owns the Claims and that the named trustees have standing and capacity to sue; (3) Plaintiffs fail to establish the Court's subject matter jurisdiction; and (4) claims not owned by the Plan Committee are time-barred. *See* PwC's Memorandum in Support of its Motion to Dismiss the Amended Complaint [dkt. #29] ("PwC's Mem. Mot. Dismiss Am. Compl."). For the reasons stated below, the Court will grant PwC's motion to dismiss.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

When considering a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court accepts as true all factual allegations in the complaint. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (quoting *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991)). In addition, the court may consider materials outside the pleadings to resolve the question of whether it has jurisdiction to hear the case. *Jerome Stevens Pharms., Inc. v. FDA.*, 402 F.3d at 1254 (citing *Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."); *Shea v. Rice*, 409 F.3d 448, 451 (D.C. Cir. 2005) (reversing district court's dismissal of claim where it did "not appear 'beyond doubt' that he [could not] prove a 'set of facts in support of his claim which would entitle him to relief.'") (quoting *Gilvin v. Fire*, 259 F.3d 749, 756 (D.C. Cir. 2001)). In reviewing such a motion, the court must construe the complaint in the light most favorable to plaintiff and must accept as true all allegations and all reasonable factual inferences drawn from well-pleaded factual allegations. *See Square D. Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409, 411, 106 S. Ct. 1922, 90 L. Ed. 2d 413 (1986); *In re United Mine Workers Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). "However, the court need not accept inferences drawn by the plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 487 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

**DISCUSSION**

**I.     The Plan Committee Does Not Have Capacity to Sue**

Like the original complaint, the Amended Complaint raises two state law claims: professional negligence/audit malpractice and breach of contract. Under Federal Rule of Civil Procedure 17(b), "[w]here . . . the cause of action is a creation of the state, a party may pursue that cause of action in federal court, consistent with the Supremacy Clause only if that state confers it with the capacity to do so." *Plan Committee v. PricewaterhouseCoopers, LLP*, 335 B.R. 234, 244 (D.D.C. 2005) (quoting Fed. R. Civ. P. 17(b)). In other words, Plaintiff will have the capacity to bring its claim in this Court only if the law of the District of Columbia permits it to sue. *Id.* at 243-44. "The common law of the District of Columbia is that an unincorporated association may not be sued in its own name." *Id.* at 243 n.5 (citing *Pritchett v. Stillwell*, 604 A.2d 886, 889 (D.C. 1992)); *see also Catalyst & Chem. Servs., Inc. v. Global Ground Support,* 350 F. Supp. 2d 1, 22 n.19 (D.D.C. 2004) (noting that under D.C. law, "unincorporated associations may not sue or be sued in their own names.") (citing *Pritchett*). Instead, an unincorporated association must bring the action in the names of all of its members. 335 B.R. at 243 n.5.

In its opposition to PwC's motion to dismiss the original complaint, the Plan Committee argued that it is not an unincorporated association, but proffered no law that would give it the status of an entity with capacity to sue. *Plan Committee v. PricewaterhouseCoopers, LLP*, 335 B.R. at 243-46. The Court held that the Plan Committee lacked capacity to sue, and granted leave to amend the complaint based on Plaintiff's representation that it would add the individual members of the Plan Committee as plaintiffs. *Id.* at 239, 246. Notwithstanding Plaintiff's representation and the Court's ruling, the Plan Committee remains a plaintiff in the Amended Complaint and only two of the three members of the Plan Committee are named as plaintiffs. *See* Am. Compl. ¶¶ 6-8.

Now, in opposition to PwC's motion to dismiss the Amended Complaint, Plaintiffs acknowledge that "the Court has ruled that the Plan Committee lacks capacity to sue," but "respectfully ask the Court to reconsider its ruling based on new arguments." Plaintiffs' Opposition to Defendant's Motion to Dismiss the Amended Complaint [dkt. #34] ("Pls.' Opp. Mot. Dismiss Am. Compl.") at 2. Specifically, Plaintiffs contend that the "capacity of the Plan Committee to sue is an unresolved issue of District of Columbia law" and predict that "[i]f presented with the facts of this case, the District of Columbia Court of Appeals would rule that the Plan Committee has capacity to sue." *Id.* The Court will not revisit the issue of the Plan Committee's capacity to sue. Plaintiffs did not move for reconsideration of Judge Roberts' August 31, 2005 ruling that the Plan Committee lacks capacity to sue, nor do Plaintiffs present an intervening change in the law that warrants a departure from the law of the case. *See Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999) ("a 'legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'") (quoting *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987)). Indeed, Plaintiffs present no arguments or law that could not have been presented — or were not in fact presented and rejected by the Court — in opposition to PwC's motion to dismiss the original complaint. The Court reaffirms the earlier ruling that the Plan Committee does not have capacity to sue.

**II.     The Suit Cannot be Brought by Only Two of the Three Plan Committee Members**

PwC further argues that the defect identified by the Court in ruling on the motion to dismiss the original complaint has not been cured because only two members of the three-member Plan Committee are named as plaintiffs. The Court agrees and finds that naming two of the three members is insufficient. Under Federal Rule of Civil Procedure 17(b), all members of the Plan

7

Committee must be named as plaintiffs to maintain suit in this court. *See* 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1564 (2007) ("The effect of Rule 17(b) is that if the organization lacks capacity to litigate in the state courts, it also will be barred from a federal forum in that state. This would be the case in states that adhere to the common law view that partnerships and other unincorporated associations could not be parties in their own right in actions at law but joinder of all of the individual members was required.") (footnotes omitted).

Plaintiffs argue that "Mr. Wolff and Mr. Zupnik by themselves have authority to sue on the Plan Committee's behalf because the Plan Agreement authorizes them to do so." Pls.' Opp Mot. Dismiss Am. Compl. at 2. According to Plaintiffs, the Plan Agreement, which is an exhibit to the Plan that created the Plan Committee, "permits the Plan Committee to delegate its power to bring suit to fewer than all the members of the Plan Committee." Pls.' Opp. Mot. Dismiss Am. Compl. at 5. Plaintiffs point to particular language in two sections, III(M) and III(P), and contend that "read together" the sections "permit the Plan Committee to pursue litigation with less than unanimous consent of its members" — specifically Plaintiffs Wolff and Zupnik, who are the two Non-Bondholder Representatives. Pls.' Opp. Mot. Dismiss Am. Compl. at 6. Sections III(M) and III(P) read:

> M. The plan of liquidation or reorganization contemplated by this Terms of Agreement shall provide for the formation of a reconstituted committee (the "Plan Committee") consisting of at least three members (including official and/or *ex officio*) of the Committee, one of whom shall be a representative of one of the Major Bondholders and shall not be the Indenture Trustee (the "Bondholders' Representative"), which Plan Committee shall, *inter alia*, pursue Litigation and shall make decisions regarding distribution of monies reserved for Litigation and claims objections in accordance herewith. <u>The Bondholders' Representative's vote shall be equal to the collective votes of the remaining members of the Plan Committee on the issue of pursuing Litigation (including commencement, continuation, direction and settlement thereof)</u>. For the avoidance of doubt, nothing contained in this Section III.M. shall impose, or be deemed to impose, any duties, responsibilities, obligations or liabilities on the Indenture Trustee.

    P.    <u>If either the Bondholders' Representative on the Plan Committee on the one hand, and the Non-Bondholder members of the Plan Committee on the other hand, do not agree to pursue a Litigation for which Section III.A. requires approval, the other party may pursue such Litigation</u> using an allocable portion of the Wind-down Fund reserved for Litigation (*i.e.*, 83.5% if it is the Bondholders' portion of such fund, 16.5% if it is the Recipient Non-Bondholders' portion) or using its share of the Proceeds and shall retain all proceeds recovered from such litigation (*i.e.*, no 83.5%/16.5% split).

Pls.' Opp. Mot. Dismiss Am. Compl. Ex. 1 at 10-11 (emphasis added).

       The Court rejects Plaintiffs' argument that the Plan Agreement language grants Plaintiffs Wolff and Zupnik the capacity to bring suit absent the third member of the Plan Committee. The Plan Agreement is merely an administrative document that does not grant the Committee or any part of the Committee the capacity to sue in federal court. The phrase "may pursue" in section III(P) likely indicates that either the Bondholders' Representative or the Non-Bondholder members can bring some types of suits without violating the Plan Agreement. The paragraph also indicates how a litigation should be funded if all three members do not agree on whether to pursue that litigation. But language suggesting that Wolff and Zupnik as the Non-Bondholder members "may pursue" "Litigation" does not override the governing law that the committee cannot sue in its own name and all members are required to sue or be sued. Under Federal Rule of Civil Procedure 17(b), it is District of Columbia law that governs, and nothing in the language Plaintiffs cite nor anything else in the Plan Agreement trumps District of Columbia law. The Court finds that Plaintiffs Wolff and Zupnik lack capacity to sue on behalf of the Plan Committee due to the failure to name the Committee's third member as plaintiff.

**III.     Plaintiffs Wolff and Zupnik Do Not Have Standing to Bring This Action as Trustees of the Greater Southeast Trust**

In the Amended Complaint, Plaintiffs for the first time allege that "[t]he Plan Committee has assigned, transferred and conveyed all of the Plan Agent's rights, title and interest in and to this cause of action including all proceeds of this lawsuit to the Greater Southeast Trust." Am. Compl. ¶ 7. In addition to serving as Non-Bondholder Representatives on the Plan Committee, Plaintiffs Wolff and Zupnik are alleged to serve as Trustees for the Non-Bondholders of the Greater Southeast Litigation Liquidating Trust ("Greater Southeast Trust"). Am. Compl. ¶¶ 7-8. Plaintiffs further allege that "[t]he Trustees of the subject Trust act on behalf of the Non-Bondholders who are the beneficiaries of the subject Trust." Am. Compl. ¶ 7.

PwC argues that the purported transfer of the claims to Wolff and Zupnik as trustees of the Greater Southeast Trust ("Trustee Plaintiffs") does not cure the deficiencies of the original complaint because Plaintiffs fail to allege sufficient facts to support the existence of the trust and the authority of the trustees to pursue these claims. PwC's Mem. Motion to Dismiss at 5-6. Specifically, PwC argues that the claims of the Trustee Plaintiffs should be dismissed because "Plaintiffs have pled nothing about the formation or composition of the Greater Southeast Trust, the number of trustees, the power and authority of the trustees, its beneficiaries, or any decision by the Greater Southeast Trust to initiate this action." PwC's Mem. Motion to Dismiss at 7. According to PwC, "[b]ecause Plaintiffs have failed to plead facts to support the conclusory assertion that they have standing and capacity to prosecute this action, the Amended Complaint does not satisfy federal pleading requirements and therefore must be dismissed."[1] *Id.*

---

[1] PwC also moves to dismiss the Trustee Plaintiffs' claims on two additional grounds: (1) the Court lacks subject matter jurisdiction under 28 U.S.C. § 1334(b) over claims brought by the Trustees of the Greater Southeast Trust because the claims of an entity created post-confirmation are not "related to" a case under title 11; and (2) claims brought by the Trustees as assignees of the Plan Agent are time-barred because the Plan Agent has never been a party to this action.

Plaintiffs respond that adding the Trustee Plaintiffs is "directly responsive to the multiple contentions by PWC in its reply in support of its First Motion to Dismiss that the Plan Agent, not the Plan Committee, is the owner of the claim." Pls.' Opp. Mot. Dismiss Am. Compl. at 3. Although Plaintiffs contend that it is the Plan Committee, not the Plan Agent, who is empowered under the Plan to prosecute this action, "to cover all bases, [Plaintiffs] allege in the complaint that the Plan Committee has authorized the assignment of the Plan Agent of its rights, title, and interest in and to this cause of action — if any — to this newly created Greater Southeast Trust." *Id.* at 3-4 (citing Am. Compl. ¶ 7).

The Court must address the threshold question of whether the Trustee Plaintiffs have standing to bring this action. *Fund for Animals, Inc. v. Kempthorne*, 472 F.3d 872, 876 (D.C. Cir. 2006); *Plan Committee v. PricewaterhouseCoopers, LLP*, 335 B.R. 234, 241 (D.D.C. 2005) Typically, only the trustee of a bankruptcy estate has standing to pursue claims on behalf of the bankruptcy debtor. *Plan Committee v. PricewaterhouseCoopers, LLP*, 335 B.R. at 242; *see In re Smart World Technologies, LLC*, 423 F.3d 166, 175 (2d Cir. 2005) ("It is the debtor-in-possession who controls the estate's property, including its legal claims, and it is the debtor-in-possession who has the legal obligation to pursue claims or to settle them, based upon the best interests of the estate."); 8A C.J.S. Bankruptcy § 105 ("Apart from any authority issued by the bankruptcy court, only the trustee has the authority to bring suit on behalf of the estate under the applicable statute.").

As an exception to this general rule, some circuits have authorized derivative standing for creditors' committees and individual creditors under strict conditions:

> "A creditors' committee [or secured creditor] may acquire standing to pursue the debtor's claims if (1) the committee [or creditor] has the consent of the debtor in possession or trustee, and (2) the court finds

---

Because the Court finds that Trustee Plaintiffs do not have standing, it need not address PwC's alternative arguments for dismissal.

11

> that suit by the committee [or creditor] is (a) in the best interest of the bankruptcy estate, and (b) is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings."

*In re Baltimore Emergency Services II, Corp.*, 432 F.3d 557, 561 (4th Cir. 2005) (alterations in original) (quoting *In re Commodore Int'l Ltd.*, 262 F.3d 96, 100 (2d Cir. 2001)). "The question [of whether to permit derivative standing] is a significant one, for limitations on standing are of paramount importance in bankruptcy proceedings." *In re Baltimore Emergency Services II*, 432 F.3d at 560.

The Supreme Court has explained a plaintiff's burden to establish standing:

> [I]t is the burden of the "party who seeks the exercise of jurisdiction in his favor," *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936), "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 2215, 45 L. Ed.2d 343 (1975). Thus, [plaintiffs] must "allege . . . facts essential to show jurisdiction. If [they] fai[l] to make the necessary allegations, [they have] no standing." *McNutt, supra*, 298 U.S., at 189, 56 S. Ct., at 785.

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596 (1990) (second, third, and fourth alterations and ellipsis in original). Plaintiffs argue that "the Amended Complaint straightforwardly pleads sufficient facts to establish that the Plan Agent's rights (if any) were assigned to the Greater Southeast Trust, and that Plaintiffs Wolff and Zupnik are the trustees of that trust," so "Wolff's and Zupnik's standing to enforce the Plan Agent's rights (if any) as trustees of the assignee trust can therefore be logically inferred from these well-pleaded facts." Pl.'s Opp. Mot. Dismiss Am. Compl. at 25 (citing Am. Compl. ¶ 7). However, as the Supreme Court explained, "standing cannot be 'inferred argumentatively from averments in the pleadings . . . but rather 'must affirmatively appear in the record.'" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. at 231, 110 S. Ct. 596 (quoting *Grace v. American Central Ins. Co.*, 109 U.S. 278, 284, 3 S. Ct. 207, 210, 27 L. Ed. 932 (1883)).

Although Judge Roberts ruled that the Plan Committee had the consent of the Plan Agent to pursue this action,[2] that finding was based on evidence in the record.  335 B.R. at 242-43.  Here, there is no evidence before the Court that the Plan Agent consented to the transfer of its rights, title, and interest in and to this cause of action to the Greater Southeast Trust or that the Plan Agent consented to Wolff and Zupnik's pursuing this suit as trustees of the Greater Southeast Trust.  Plaintiffs have therefore failed to demonstrate the Plan Agent's consent, one of the strict conditions necessary for derivative standing.  *See In re Baltimore Emergency Services II*, 432 F.3d at 562 (finding that plaintiffs failed to satisfy the consent prong of the derivative standing test where "there was no evidence at the time of the preliminary injunction that the debtors had in fact consented to the suit").

A deferential reading of the Amended Complaint's allegations does not help the Trustee Plaintiffs' satisfy the consent prong.  Plaintiffs do not even allege that the Plan Agent has consented to the Trustees Plaintiffs' pursuing this action.  Rather, they allege that "[t]he Plan Committee has assigned, transferred and conveyed all of the Plan Agent's rights, title and interest in and to this cause of action including all proceeds of this lawsuit to the Greater Southeast Trust."  *See* Am. Comp. ¶ 7; *see* Pls.' Opp. Mot. Dismiss Am. Compl. at 25 ("[T]he Amended Complaint straightwardly pleads sufficient facts to establish that the Plan Agent's rights (if any) were assigned to the Greater Southeast Trust, and that Plaintiffs Wolff and Zupnik are the trustees of that trust.") (citing Am. Compl. ¶ 7).

---

[2] In ruling on PwC's motion to dismiss the original complaint, Judge Roberts found that "Plaintiff [Plan Committee] obtained the consent of the Plan Agent, as successor in interest to the debtor, to 'further examine/pursue claims against [Greater Southeast's] prepetition auditors." 335 B.R. at 242 (second alteration in original).  In light of this consent and the fact that a potential recovery of $70 million could be in the best interest of the bankruptcy estate and necessary and fair to Greater Southeast's bankruptcy proceedings, Judge Roberts found that the Plan Committee "established the requirements necessary to gain derivative standing to pursue this action." *Id.* at 243.

13

Plaintiffs essentially ask the court to accept as true the legal conclusion that the Trustee Plaintiffs have standing. This the Court cannot do. *See National Treasury Employees Union v. United States,* 101 F.3d 1423, 1430 (D.C. Cir. 1996) ("It is true that, '[f]or purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint.' But there is a difference between accepting a plaintiff's allegations of fact as true and accepting as correct the conclusions plaintiff would draw from such facts.") (quoting *Metro. Washington Airports Auth. v. Citizens for the Abatement of Aircraft Noise, Inc.,* 501 U.S. 252, 264, 111 S. Ct. 2298 (1991)). "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas,* 495 U.S. 149, 155-56, 110 S. Ct. 1717 (1990); *see also Advanced Mgmt. Tech., Inc.* v. *FAA,* 211 F.3d 633, 636-37 (D.C. Cir. 2000).

Embellishing upon Plaintiffs' allegations would be especially inappropriate here, when considering whether a plaintiff has met the strict conditions necessary for derivative standing. *In re Baltimore Emergency Services II,* 432 F.3d at 561 ("Even those circuits that permit derivative standing do so only under strict conditions."); *In re Smith*, No. 04-01581, 2006 WL 1234965 at *4 (Bankr. D.D.C. Feb. 27, 2006) (recognizing that some courts permit individual creditors to pursue claims under the trustee's strong-under provisions "if only under extreme circumstances") (internal quotation omitted). If the derivative standing doctrine is expanded and the exception is allowed to swallow the rule, "creditors could usurp the central role that the trustee or debtor-in-possession plays as the representative of the estate." *In re Baltimore Emergency Services II, Corp.,* 432 F.3d at 562.

Plaintiffs have neither established nor alleged that the Trustee Plaintiffs have the Plan Agent's consent to bring this suit. Having failed to meet one of the strict conditions necessary for derivative standing, Plaintiffs Wolff and Zupnik as trustees of the Greater Southeast Trust do not have standing to bring this suit, and their claims will be dismissed accordingly.

## CONCLUSION

For the reasons stated above, the claims of the Plan Committee and Plaintiffs Wolff and Zupnik as representatives of the Plan Committee will be dismissed for lack of capacity to sue, and the claims of Plaintiffs Wolff and Zupnik as trustees of the Greater Southeast Trust will be dismissed for lack of standing. Accordingly, the Court will grant PwC's motion to dismiss the Amended Complaint. An appropriate Order will accompany this Memorandum Opinion.

April 20, 2007

                                                                /s/
                                        Thomas F. Hogan
                                          Chief Judge